THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR16-0258-JCC |
| Plaintiff, | ORDER |
| v. | |
| ERROL MAYERS, | |
| Defendant. | |

This matter comes before the Court on Defendant Errol Mayers's motion for a new trial (Dkt. No. 90) and the parties' stipulated motion to seal (Dkt. No. 89). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for new trial and GRANTS the motion to seal for the reasons explained herein.

I.     BACKGROUND

On May 9, 2016, Defendant was arrested for unlawful possession of a firearm. (Dkt. No. 1 at 1.) The responding officers were Tukwila Police Officers Chris Danninger, Zachary Line, Ken Hernandez, and Donald Ames. (Dkt. No. 93-1.) The officers then submitted the case to Tukwila Police Detective Daniel Lindstrom. (Dkt. No. 93 at 2.)

Before trial, the Government asked the Tukwila City Attorney to review the personnel files of the Tukwila Police Department Officers who responded to the call on May 9, 2016. (Dkt.

No. 93-1.) The Government asked for "any information reflecting adversely upon the honesty, truthfulness, bias, or prejudice" of Officers Danninger, Line, Hernandez, and Ames. (*Id.*) The City Attorney responded that she had "personally reviewed all relevant personnel and administrative files relating" to the officers and that there "was no information contained in the reviewed files reflecting adversely upon the honesty, truthfulness, bias, or prejudices" of the officers. (Dkt. No. 93-2.) The Government informed defense counsel of these findings. (Dkt. No. 90 at 4–5.)

Trial began on December 5, 2016, and Officers Ames and Line testified. (Dkt. No. 56.) The Government also listed Officers Danninger, Hernandez, and Lindstrom as potential witnesses, (Dkt. No. 25), but "[i]n an effort to present the case as efficiently as possible, the Government did not call" the other officers, (Dkt. No. 93 at 3). The jury found Defendant guilty. (Dkt. No. 64.)

After trial, defense counsel "pursued a hunch" and requested the sustained disciplinary records of Officers Line, Hernandez, Ames, Danninger, and Lindstrom. (Dkt. No. 90 at 6.) Defense counsel was provided with disciplinary records for Officers Hernandez, Danninger, and Lindstrom. (Dkt. Nos. 90-1, 90-2, 90-3.) All of the records predate this case. (*See id.*) Defense counsel researched the background of Officer Ames and found that Officer Ames was a defendant in a federal lawsuit for civil rights violations that settled in 2012. (Dkt. No. 90-4.) Defense counsel also submitted records of a civil action where Officer Ames was involved in the arrest, but not listed as a named defendant. (Dkt. No. 90-5.) These records were not produced during discovery. Defendant now brings a motion for a new trial (Dkt. No. 90), claiming the lack of production is a *Brady*[1] violation warranting a new trial. The parties also filed a stipulated motion to seal the motion for new trial (Dkt. No. 89).

//

//

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

## II.    DISCUSSION

### A.    Motion for New Trial (Dkt. No. 90)

To establish a *Brady* violation that warrants a new trial, Defendant must show (1) that the information he has identified is either exculpatory or *admissible* for impeachment purposes; (2) that the information was not disclosed by the Government; and (3) that Defendant was prejudiced because the information was not disclosed. *United States v. Wilkes*, 662 F.3d 524, 535 (9th Cir. 2011). *Brady* only applies to evidence that is favorable to Defendant and material to the case. *Brady*, 373 U.S. at 87. Furthermore, evidence that is not admissible at trial, either substantively or for impeachment purposes, is not material within the meaning of *Brady*. *United States v. Kohring*, 637 F.3d 895, 903 (9th Cir. 2011).

First, as to the officers who did not testify, there is no authority that supports Defendant's claim that the Government must provide potential impeachment evidence for non-testifying witnesses. Moreover, even if these officers had testified, the evidence would not be admissible because Federal Rules of Evidence 608(b) and 404(b) prohibit testimony on specific instances of past conduct like these that do not bear on the truthfulness or untruthfulness of the witness. Second, as to the officers who did testify, the fact that Officer Ames was a named defendant in one civil lawsuit, and was not named a defendant in a different civil lawsuit, does not bear on his credibility. There is no evidence that Officer Ames was disciplined for the events in question. Therefore, the evidence is not favorable to Defendant. Defendant's motion for a new trial (Dkt. No. 90) is DENIED.

### B.    Motion to Seal (Dkt. No. 89)

The parties also filed a stipulated motion to seal the motion for new trial (Dkt. No. 89). The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, documents filed in support of a dispositive motion should remain under seal when a party can "articulate[] compelling reasons supported by specific factual

ORDER
PAGE - 3

findings" that outweigh the public's interest in access. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The parties stipulate that the motion and its attachments include "a significant amount of personal identifying information" about the Tukwila Police Officers discussed above. The Court finds that this is a compelling reason to keep the motion sealed. The motion to seal (Dkt. No. 89) is GRANTED.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for a new trial (Dkt. No. 90) is DENIED and the parties' stipulated motion to seal (Dkt. No. 89) is GRANTED.

DATED this 2nd day of March 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE