THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR16-0258-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ERROL MAYERS, | |
| Defendant. | |

This matter comes before the Court on Defendant Errol Mayers's motion to continue his sentencing, motion to seal, and motion for new trial (Dkt. Nos. 99, 100, 101). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion to continue and the motion for new trial and GRANTS in part and DENIES in part the motion to seal for the reasons explained herein.

## I. MOTION TO CONTINUE (DKT. NO. 99)

The background facts of this case and Defendant's conviction for felon in possession of a firearm have been detailed in previous orders. (*See* Dkt. No. 95 at 1–2.) Of additional relevance is the fact that the Court previously granted a motion to continue the sentencing. (Dkt. No. 96.)

Defendant now asks that the Court again continue the rescheduled sentencing because the applicable sentencing guideline range determined by the United States Probation Office in its

final presentence investigation report is "substantially different" from the preliminary presentence investigation report. (Dkt. No. 99 at 1–2.) This argument has no merit. The parties submitted their comments to the preliminary presentence investigation report, as reflected in the addendum of the document. (Dkt. No. 97 at 20–22.) Moreover, the rescheduled sentencing hearing is set for two weeks after the final presentence investigation report was filed, (*see* Dkt. No. 98), and defense counsel knew in March 2017 the sentencing would take place on May 23, 2017, (*see* Dkt. No. 94). There is no reason to believe defense counsel has an inadequate amount time to prepare his sentencing memorandum. Therefore, the motion to continue is DENIED.

## II. MOTION FOR NEW TRIAL (DKT. NO. 101)

The additional relevant facts for this motion are as follows. Following Defendant's trial, defense counsel obtained records from the Tukwila Police Department regarding police and computer-aided dispatch (CAD) reports of incidents that occurred at Riverside Casino and Great American Casino from April 30, 2016 to May 8, 2016. (Dkt. No. 101 at 3.) The reports indicate that ten 911 calls were made during that period regarding a crime being committed at either casino. (*See* Dkt. No. 101-1.) However, none of the reports indicate that the crimes involved a gun. The Government contends the reports were not in its possession before trial and Defendant never made a discovery request for them. (Dkt. No. 104 at 3.)

Defendant moves for a new trial based on an alleged *Brady*[1] violation and the police and CAD reports evidence that was discovered after trial. (Dkt. No. 101.) To establish a *Brady* violation that warrants a new trial, Defendant must show (1) that the information he has identified is either exculpatory or admissible for impeachment purposes; (2) that the information was not disclosed by the Government; and (3) that Defendant was prejudiced because the information was not disclosed. *United States v. Wilkes*, 662 F.3d 524, 535 (9th Cir. 2011). *Brady* only applies to evidence that is favorable to Defendant and material to the case. *Brady*, 373 U.S. at 87. Further, newly discovered evidence does not include information that defense counsel

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

could have discovered prior to trial through the exercise of due diligence. *See United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) (one of five tests that must be met).

Defendant's motion fails for two manifest reasons. First, there was no *Brady* violation because the evidence is not favorable to Defendant. The reports are for unrelated misdemeanor crimes, none of which involved a firearm. (*See* Dkt. No. 101-1.) As the Government points out, *Brady* does not impose "an obligation to communicate preliminary, challenged, or speculative information." *United States v. Agurs*, 427 U.S. 97, 109 n.16 (1976) (quoting *Giles v. Maryland*, 386 U.S. 66, 98 (1967) (Fortas, J., concurring)). The connection between this case and the other 911 calls is speculative at best. Second, the evidence presented is not newly discovered evidence as indicated by defense counsel's knowledge of the reports' general existence during his opening statement at trial. (*See* Dkt. No. 101-2 at 68.) There is no reason to believe that this information could not have been discovered prior to trial. Therefore, the motion for new trial is DENIED.

### III. MOTION TO SEAL (DKT. NO. 100)

Defendant also moves to seal the motion for new trial because one of the police reports contains identifying information about another party who was arrested at the Great American Casino. (Dkt. No. 100 at 2.) The Government did not file an opposition to this motion.

The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see* W.D. Wash. Local Crim. R. 55(c). However, documents filed in support of a dispositive motion should remain under seal when a party can "articulate[] compelling reasons supported by specific factual findings" that outweigh the public's interest in access. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Here, sealing the identifying personal information of an unrelated party to this case is a compelling reason to keep that information sealed. The motion to seal is GRANTED as to the identifying personal information. However, the motion is DENIED as to the rest of the information filed under seal. Defendant is ORDERED to refile the motion, with the personal information at issue in the attachments REDACTED.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to continue sentencing (Dkt. No. 99) is DENIED, Defendant's motion for a new trial (Dkt. No. 101) is DENIED, and Defendant's motion to seal (Dkt. No. 100) is GRANTED in part and DENIED in part. Defendant is ORDERED to refile his motion for new trial in accordance with this order by Friday, May 26, 2017.

DATED this 19th day of May 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE