THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR16-0258-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ERROL MAYERS, | |
| Defendant. | |

This matter comes before the Court on Defendant Errol Mayers's motion for extension of time to file a motion for a new trial (Dkt. No. 124) and motion for a new trial (Dkt. No. 125). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES both motions for the reasons explained herein.

**I.     BACKGROUND**

On December 6, 2016, after a two-day trial, Defendant Errol Mayers was found guilty by jury of one count of felon in possession of a firearm. (Dkt. Nos. 56, 61, 64.) During trial, the jury heard testimony that police responded to an altercation between Mayers and his girlfriend at a casino. (Dkt. No. 126-1 at 116–118.) The jury watched surveillance video-footage of Mayers place an object into bushes outside the casino and police subsequently recover a handgun from the bushes 10 minutes later. (Dkt. No. 126-1 at 80–89, 121–123.)

Post-verdict, Mayers filed three separate motions for a new trial. (Dkt. Nos. 86, 90, 101).

The Court denied all three motions. (Dkt. Nos. 91, 95, 108.) Mayers's counsel subsequently filed a motion to withdraw. (Dkt. No. 110.) Magistrate Judge Brian Tsuchida granted the motion and appointed new counsel. (Dkt. No. 114.) In light of the change in counsel, the Court continued sentencing until August 22, 2017. (Dkt. No. 112.) On its own motion, the Court subsequently rescheduled sentencing twice—first to October 17, and then to November 17, 2017. (Dkt. Nos. 121, 123.)

On October 9, 2017, Mayers filed a motion to extend the deadline for filing a motion for a new trial to October 31, 2017. (Dkt. No. 124.) The same day, Mayers filed a motion for a new trial based on the ineffective assistance of counsel of his first attorney. (Dkt. No. 125.) Mayers asserts that his trial counsel failed to call key witnesses, failed to make timely objections to prejudicial testimony, failed to request a key jury instruction, and that his attorney had a conflict because he was under criminal investigation for an unrelated charge of witness tampering while he represented Mayers. (*Id*. at 1–2.)

## II. DISCUSSION

### A. Mayers' Motion for a New Trial

The Federal Rules of Criminal Procedure permit the Court to vacate a judgment and grant a motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision to grant a new trial "is within the sound discretion of the district court[.]" *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1212 (9th Cir. 1992) (citation omitted). A motion for a new trial that is based on any ground other than newly-discovered evidence must be filed within 14 days of the verdict. Fed. R. Crim. P. 33(b)(2). Mayers's motion for a new trial is not timely under Federal Rule of Criminal Procedure 33 because it was filed months after his verdict. (Dkt. Nos. 64, 124.) Accordingly, Mayers filed a motion asking the Court to extend the deadline for him to file a motion for a new trial. (Dkt. No. 124.)

The Court may consider a motion for a new trial made 14 days after the verdict if "the party failed to act because of excusable neglect." Fed. R. Crim. P 45(b)(1)(B). Mayers's

untimely motion for new trial is not based on newly discovered evidence, but on excusable neglect. (Dkt. No. 124 at 2.)[1] District courts apply a four-factor balancing test to determine whether a defendant's failure to timely file a motion was the result of excusable neglect. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004). The factors to be considered are: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. *Id*. (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

At the outset, the Court does not perceive prejudice to the Government if it were to grant Mayers' motion for a new trial, nor does it find evidence that the motion is made in bad faith. The Government did not oppose Mayers' motion based on untimeliness, (Dkt. No. 126), and Mayers makes the motion based on his prior attorney's performance at trial. (Dkt. No. 125 at 1). That said, both the length and reasons for the delay are problematic.

First, the length of the delay is substantial, particularly when compared with the normal 14-day limit allowed by the Federal Rules. Fed. R. Crim. P. 33(b). Mayers makes his motion 10 months after the verdict and 4 months after new counsel was appointed. (Dkt. Nos. 64, 114, 125.) This Court has previously found that a similar untimely motion for a new trial based on ineffective assistance of counsel was not the product of excusable neglect. *United States v. Jassal*, Case No. CR08-0052-JCC, Dkt. No. 158 at 6, *aff'd* 388 F. App'x 748, 750 (9th Cir. 2010) (unpublished) (finding no excusable neglect where defendant filed a motion for new trial based on ineffective assistance of counsel seven months after the verdict and five months after the appointment of new counsel).

Second, the reasons for the delay do not adequately explain the significant time that

---

[1] Moreover, the Ninth Circuit has held that evidence of ineffective assistance of counsel does not fall under the Rule 33 exception for newly-discovered evidence. *See United States v. Hanoum*, 33 F.3d 1128, 1130 (9th Cir. 1994).

passed before Mayers' motion for new trial was filed. In his motion, Mayers states that "substantial work was required to prepare and file the motion for a new trial, including reviewing the trial transcript, obtaining the fingerprint case file, interviewing prospective witnesses, obtaining witness interview transcripts, and obtaining witness declarations." (Dkt. No. 124 at 2.) That explanation addresses the four-month delay since new counsel was appointed, which the Court discusses below, but says nothing about the nearly six-month gap between the jury's verdict and Mayers' request for new counsel. (Dkt. Nos. 64, 114.)

Post-verdict, Mayers filed three separate motions for a new trial through his prior attorney, none of which dealt with his counsel's ineffective assistance at trial. (Dkt. Nos. 86, 91, 101.) It was not until the Court denied each of those motions, that Mayers sought a new attorney to raise his ineffective assistance of counsel motion. (Dkt. No. 110.) Nor does Mayers' current motion for a new trial deal with any of his attorney's post-verdict conduct; rather, it is completely limited to counsel's performance at trial. (Dkt. No. 124.) In criminal cases, courts have been more lenient in not holding defendants responsible for the omissions of their attorneys because of the important rights at stake. *See, e.g.*, *Stutson v. United States*, 516 U.S. 193, 196 (1996). However, a court's determination of excusable neglect should still focus "upon whether the neglect of [clients] and their counsel was excusable." *Pioneer Investment Services Co.*, 507 U.S. 380, 397. Here, Mayers certainly holds some responsibility for the untimely motion.

Moreover, the Court is not persuaded that Mayers could not have moved for a new trial on ineffective assistance of counsel grounds until four months after the appointment of new counsel and less than a month before sentencing. Many of the issues Mayers raises in his motion—for example, counsel's failure to call witnesses, object during trial or offer a specific jury instruction—would have been apparent from review of the transcript of the two-day trial. (*See* Dkt. Nos. 126-1 at 3–7, 95–96; 126-2 at 31–33.) While the Court can appreciate a party's thoroughness in preparing a motion, it still finds that it was within the reasonable control of Mayers to file his motion for a new trial, or at the least a motion for an extension of time, before

four months had passed since he received a new attorney.

In weighing the four-factors, the Court finds on balance that Mayers's failure to timely file his motion for a new trial was not the result of excusable neglect and is therefore time-barred under Federal Rule of Criminal Procedure 33(b)(2).

## III. CONCLUSION

For those reasons, Defendant's motion for an extension of time to file a motion for a new trial (Dkt. No. 124) and motion for a new trial (Dkt. No. 125) are DENIED.

DATED this 2nd day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE