THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERROL MAYERS,<br><br>Defendant. | CASE NO. CR16-0258-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Errol Mayers' motion for release pending appeal (Dkt. No. 134). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

On December 6, 2016, after a two-day trial, Defendant Errol Mayers was found guilty by a jury of one count of felon in possession of a firearm. (Dkt. Nos. 56, 61, 64.) Post-conviction, Mayers made four separate motions for a new trial. (Dkt. Nos. 86, 90, 101, 125.) The Court denied all of Mayers' motions. (Dkt. Nos. 91, 95, 108, 128.) On November 7, 2017, the Court sentenced Mayers to 36 months imprisonment. (Dkt. No. 133.) Mayers now asks the Court to release him pending appeal. (Dkt. No. 134.)

//
//

## II. DISCUSSION

The Court's authority to release an individual who has been convicted and sentenced to a term of incarceration and who has filed a notice of appeal is governed by 18 U.S.C. § 3143(b). That section provides that a person who has been convicted for an offense and sentenced to imprisonment shall be detained unless the judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> > (i) reversal,
> >
> > (ii) an order for a new trial . . .

18 U.S.C. § 3143(b)(1). The Defendant bears the burden of proof under the statute. *See United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

Here, Mayers requests release on bond pending his appeal because he is not likely to flee or pose a danger to the community, and his appeal is not made for purpose of delay but raises a substantial question of law or fact likely to result in reversal or a new trial. (Dkt. No. 134 at 3.) The Government objects to Mayers' release, arguing that he poses a danger to the community and that his appeal will not raise a substantial question of law or fact. (Dkt. No. 135 at 3.)

Mayers has not met his burden to demonstrate that his appeal raises a substantial question of law or fact likely to result in reversal of his conviction or an order for a new trial. Mayers has already brought four motions for a new trial which the Court has considered and denied. (Dkt. Nos. 91, 95, 108, 128.) Each motion dealt with a different legal issue, and the Court found that none had merit. (*See* Dkt. No. 95) (denying motion for new trial based on government's alleged failure to disclose *Brady* evidence, where the evidence would not have been admissible at trial); (*see* Dkt. No. 108) (denying motion for new trial based on government's alleged failure to

disclose *Brady* evidence, where the evidence would not have been helpful to the Defendant and could have been discovered prior to trial); (*see* Dkt. No. 128) (denying motion for new trial based on ineffective assistance of counsel because motion was untimely).

Although the Court dismissed Mayers' latest motion for a new trial due to its untimeliness (Dkt. No. 125), the Court made clear at sentencing that it would have also denied the motion on the merits. (Dkt. No. 132.) That is largely because the Court concluded there was overwhelming evidence presented at trial that supported Mayers' conviction. Because the Court has previously denied all of Mayers' motions for a new trial, it cannot conclude that Mayers' appeal will raise a substantial issue of fact or law likely to result in reversal or a new trial. Therefore, the Court denies Mayers motion for release pending appeal.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for release pending appeal (Dkt. No. 134) is DENIED.

DATED this 20th day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE