THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR16-0258-JCC |
| Plaintiff, | ORDER |
| v. | |
| ERROL MAYERS, | |
| Defendant. | |

This matter comes before the Court on Defendant Errol Mayers' motion for early termination of supervised release (Dkt. No. 157). Having thoroughly considered the parties' briefing, input from U.S. Probation, and the balance of the record, the Court hereby GRANTS the motion for the reasons explained herein.

I. BACKGROUND

In 2016, Mr. Mayers was convicted after a jury trial of one count of Felon in Possession of a Firearm. (Dkt. Nos. 64, 133.) The Court sentenced him to 36 months of imprisonment followed by three years of supervised release. (Dkt. No. 133.) After remand for resentencing, the Court sentenced him to 27 months of imprisonment followed by three years of supervised release. (Dkt. No. 153.) His supervised release began in August 2018 and is scheduled to end in August 2021. (Dkt. Nos. 125 at 3, 157 at 3.)

Mr. Mayers asks the Court to terminate the balance of his supervised release. He argues

early termination is appropriate because he has remained in compliance with all the terms of his supervision and has successfully reintegrated into society. (Dkt. No. 157 at 3.) He maintains steady employment and terminating his supervised release would allow him to take out-of-state jobs for work. (*Id.*) The Government objects to early termination, arguing that Mr. Mayers' significant criminal history poses public safety risks. (Dkt. No. 158 at 2.) Similarly, Probation states it cannot endorse early termination because of Mr. Mayers' criminal history.

## II. DISCUSSION

A court may terminate a term of supervised release at any time after the expiration of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §§ 3564(c), 3583(e). In assessing whether early termination of supervised release is appropriate, the Court considers eight factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1));

(2) The need to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B));

(3) The need to protect the public from further crimes (18 U.S.C. § 3553(a)(2)(C));

(4) The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D));

(5) The kind of sentence and sentencing range established by the Sentencing Commission (18 U.S.C. § 3553(a)(4));

(6) Any pertinent policy statement issued by the Sentencing Commission (18 U.S.C. § 3553(a)(5));

(7) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (18 U.S.C. § 3553(a)(6)); and

(8) The need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).

*See* 18 U.S.C. § 3583(e).

The Court has considered the factors in 18 U.S.C. § 3583(e) and, after careful consideration, finds that early termination is warranted. As the Government notes, Mr. Mayers has a significant criminal history dating back to his teenage years. Without minimizing the seriousness of this criminal history, the Court considers Mr. Mayers' past record in light of his background and in view of his more recent record. Mr. Mayers lost his father in a shooting when he was very young and grew up in a neighborhood where gang activity was common. (*See* Dkt. No. 127 at 2–3.) His lack of positive guidance as a youth and the involvement of all his male role models in crime no doubt influenced his early behavior. While he did not know any other way of life, he does now. Both the Government and Probation recognize that Mr. Mayers' conduct in prison and on supervised release has been exemplary. (*See* Dkt. No. 158 at 1–2.) While incarcerated, he received no infractions and completed his GED, substance abuse treatment, and other programming. Since his release, he has maintained stable housing and employment, avoided negative peer groups, and had no arrests, missed or positive drug tests, or other probation violations. The Court recognizes this is not an easy feat.

Mr. Mayers' conduct has shown that his commitment to staying on a positive path and serving as a role model for his son and young family members is sincere and that he is ready to fully transition into society as a law-abiding citizen. The consequences of incarceration and more than two years of supervised release have been sufficient to deter criminal conduct and protect the public. Early termination is warranted in the interests of justice.

**III.   CONCLUSION**

For the foregoing reasons, Mr. Mayers' motion for early termination of supervised release (Dkt. No. 157) is GRANTED.

//

//

//

1     DATED this 15th day of October 2020.

_____

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR16-0258-JCC
PAGE - 4